# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KHALDOUN KHATTAB,

    Plaintiff,

v.

MOREHOUSE SCHOOL OF
MEDICINE,

    Defendant.

CIVILACTION NO.
1:07-CV-196-RWS-LTW

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Release Transcripts and Recordings of all Hearings [332]; Plaintiff's Motion to Compel Defendants to Release a Copy of Plaintiff's Deposition Transcript [334]; Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Denying the Submission of Documents Under Seal [343]; Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Denying Leave to Amend Complaint [348]; Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Granting

Defendant's Request for Protective Order [349]; and Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Denying Plaintiff's Request for Discovery and Sanctions [351]. After a review of the record, the Court enters the following Order.

**Discussion**

Plaintiff Khaldoun Khattab filed the instant lawsuit, *pro se*, alleging that Defendant retaliated and discriminated against him on the basis of his race, color, national origin, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. §1981, and the Americans with Disabilities Act, 42 U.S.C. § 1211, et seq. ("ADA").

1. <u>Motion to Release Transcripts and Recordings of Hearings [332]</u>

Plaintiff requests that the Court provide him with transcripts of all the hearings held in the pending case at no charge. Plaintiff's Motion [332] is **DENIED**. Plaintiff may request transcripts of the hearings at cost by contacting the Court Executive's office for the Northern District Court of Georgia:

    United States District Court for the Northern District of Georgia
    2211 United States Courthouse
    75 Spring Street, S.W.
    Atlanta, Georgia 30303
    (404) 215-1304

AO 72A
(Rev.8/82)

2. <u>Motion to Compel Defendant to Release Deposition Transcript [334]</u>

Plaintiff requests that the Court compel Defendant to provide him with a copy of his deposition taken at the United States Embassy in Syria on May 26, 2008. (Dkt. No. [334] at ¶ 9.) Defendant informed Plaintiff on July 21, 2008 that a transcript of his deposition was available for inspection pursuant to Fed. R. Civ. P. 30(e).[1] Plaintiff has failed to demonstrate that he requested to review the transcript within the thirty-day time period set forth by the Rule. As Plaintiff seeks a transcript of the deposition outside this limitation period, he may purchase a copy from the appropriate court reporter for a reasonable fee. FED.R.CIV. P. 30(f)(3). Accordingly, Plaintiff's Motion [334] is **DENIED**.

3. <u>Motion to Appeal Order Denying the Submission of Documents Under Seal [343]</u>

Plaintiff seeks to appeal the denial of his request to submit information or documents related to at least fifty (50) patients under seal. (Dkt. No. [246] at ¶4.)

---

[1]Rule 30(e) states in part:
"(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
    (A) to review the transcript or recording; and
    (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them. Fed.R.Civ. P. 30(e)

3

Magistrate Judge Walker denied the motion as moot stating, "[b]ecause the Court has already denied Khattab's request to amend his complaint to include allegations regarding illegal or immoral processing of documents relating to fifty (50) patients, Khattab's motion to seal those documents is moot." (Order dated August 14, 2008; Dkt. No. [337] at 6.) Plaintiff now seeks to appeal the Magistrate Order and submit such documents under seal. [343]. In response, Defendant argues that such documents are not relevant to the case and have been "illegally removed from patient files." (Dkt. No. [353] at 5.) Upon review, the Court finds that the Magistrate Judge Walker's Order is not clearly erroneous or contrary to law. See FED. R. CIV. P. 72. Therefore, Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Denying the Submission of Documents Under Seal [343] is **DENIED**.

4. <u>Motion to Appeal Order Denying Leave to Amend Complaint [348]</u>

Plaintiff seeks to appeal the denial of his request for leave to amend his complaint in order to add attorneys for Morehouse School of Medicine as defendants. (Dkt. No. [348] at ¶4.) In denying such requests, the Magistrate Court ruled that "the original Complaint encompasses all of the issues rightfully before the Court." (Order dated August 14, 2008; Dkt. No. [337] at 4.)

4

Defendant further argues that Plaintiff has failed to demonstrate a nexus between the Title VII complaint and the new claims and parties sought to be added. (Dkt. No. [353] at 6.) The Court finds that the Magistrate's Order is neither clearly erroneous nor contrary to law. Therefore, Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Denying Leave to Amend Complaint [348] is **DENIED**.

5. Motion to Appeal Order Granting Defendant's Request for Protective Order [349]

Plaintiff seeks to appeal Judge Walker's Order granting Defendant's request for a protective order from Plaintiff's Fourth Set of Requests for Admissions. (Dkt. No. [288] at 2.) Defendant asserted that the requests were unduly burdensome, overly broad, outside the scope of relevant issues, duplicative and otherwise objectionable. (Id. at 3.) Finding that the requests failed to narrow the scope of triable issues, the Magistrate Court directed Plaintiff to narrow his discovery to twenty-five (25) final requests. (Order dated August 14, 2008; Dkt. No. [337] at 14.) Plaintiff now seeks to appeal the Magistrate's order. Upon review, the Court finds that the Magistrate Court's ruling fell within the court's authority under Fed.R. Civ. P. 26(b)(2)(C) to limit

5

overly burdensome and duplicative discovery.[2] Absent a showing that Judge Walker's Order limiting the requests for admissions was clearly erroneous or contrary to law, Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Granting Defendant's Request for Protective Order [349] is **DENIED**.

6. <u>Motion to Appeal Order Denying Plaintiff's Request for Discovery and Sanctions [351].</u>

Plaintiff also seeks to appeal Magistrate Judge Walker's denial of plaintiff's request to compel discovery and seek sanctions. [263, 270, 304, 305] Again, the Court finds that the Magistrate's ruling fell within the authority to limit or prevent discovery. See FED. R. CIV. P. 26(b)(2)(C). The Court finds that the Magistrate's Order is neither clearly erroneous nor contrary to law. See FED. R. CIV. P. 72. Accordingly, Plaintiff's Motion to Appeal Magistrate Judge

---

[2] Rule 26(2)(b)(2)(C) states in part:
"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

6

Walker's Order Denying Plaintiff's Request for Discovery and Sanctions [351] is **DENIED**.

## Conclusion

Based on the forgoing, Plaintiff's Motions [332][334][343][348][349][351] are **DENIED**.

**SO ORDERED,** this  10th  day of March, 2009.

_____
**RICHARD W. STORY**
United States District Judge

7