# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KHALDOUN KHATTAB, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 1:07-CV-196-RWS-LTW |
| v. | : |
| MOREHOUSE SCHOOL OF MEDICINE, | : |
| Defendant. | : |

## ORDER

This case comes before the Court on Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Granting Defendant's Motions to Strike [491]. After a review of the record, the Court enters the following Order.

## Background

Plaintiff Khaldoun Khattab filed the instant lawsuit, *pro se*, alleging that Defendant retaliated and discriminated against him on the basis of his race, color, national origin, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. §1981, and the Americans with Disabilities Act, 42 U.S.C. § 1211, et seq. ("ADA").

On November 14, 2008, Defendant filed its Motion for Summary Judgment. (Dkt. No. [411].) Plaintiff filed a 50 page response to Defendant's statement of undisputed material facts, which was single-spaced with different fonts and different font sizes. (Dkt. No. [452].) Plaintiff's response included 159 pages of unlabeled, unindexed exhibits that did not facilitate the Court in locating the evidence in support of his objections to Defendant's factual allegations. Shortly thereafter, Plaintiff filed his brief in opposition to Defendant's summary judgment motion. (Dkt. No.[454]). Again, this brief was 65 pages long, single-spaced, contained multiple fonts and font sizes, and contained 129 pages of exhibits lacking labels and organization. A month later, on January 26, 2009, Plaintiff filed another brief, 24 pages, single-spaced, in opposition to Defendant's summary judgment motion. (Dkt. No. [465].) Defendant filed a 15 page reply brief in support of its summary judgment motion. (Dkt. No. [472].) Plaintiff then filed an unauthorized sur-reply consisting of 40 pages, single-spaced and 33 pages of unlabeled exhibits (Dkt. No. [474].)

On February 12, 2009, Defendant filed its Motion to Strike Plaintiff's second brief (filed on January 26, 2009) in opposition to Defendant's summary

2

judgment motion.(Dkt. No. [469].)  Plaintiff opposed the motion and Defendant filed a reply brief (Dkt. Nos. [475, 477].)  Again, Plaintiff filed an unauthorized sur-reply. (Dkt. No. [478].)  Defendant moved to strike the sur-reply as unauthorized and unnecessary. (Dkt. No. [482].)

In sum, Defendant moved to strike Plaintiff's second brief in opposition to Defendant's summary judgment motion, Plaintiff's sur-reply in opposition to Defendant's motion to strike Plaintiff's second brief in opposition to Defendant's summary judgment motion, and Plaintiff's sur-reply in opposition to Defendant's summary judgment motion and on the grounds that the additional filings are unauthorized and unjustified.

Magistrate Court Judge Linda Walker granted the Defendant's motions to strike (Dkt. Nos. [469, 482, 483] and struck Plaintiff's responses. (Dkt. Nos. [452, 454, 465, 478, 474].)  In doing so, the Court found that Plaintiff's briefs in opposition to Defendant's summary judgment motion violated the font regulations of Local Rule 5.1C, NDGa as well as Local Rule 7.1D which provides that "[a]bsent prior permission of the court, briefs filled . . . in response to a motion are limited in length to twenty-five pages." LR 7.1D, NDGa.  Furthermore, Plaintiff's unlabeled supporting exhibits lacked

3

organization and failed to direct the court's attention to the record in support of his argument. See Dickson v. Amoco Performance Prod., Inc., 845 F. Supp. 1565, 1570 (N.D. Ga. 1994)

In addition, the Court found that Plaintiff's sur-replies in opposition to the summary judgment motion and the motion to strike were neither authorized nor justified by the complexity of this case. LR 56.1A, 7.1B, NDGa. Accordingly, the Court granted Defendant's motions to strike Plaintiff's surreplies (Dkt. Nos. [474, 478]) and struck Plaintiff's sur-replies and supporting exhibits (Dkt. Nos. [482, 483].) Plaintiff subsequently filed this appeal of the Magistrate Order to this Court.

**Discussion**

As a reviewing court, the Court is bound to defer to the factual determinations of the magistrate judge unless those findings were clearly erroneous. Cooper-Houston v. So. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). Rule 72 of the Federal Rules of Civil Procedure provides that a district court shall review a magistrate judge's order on nondispositive matters to which objections have been filed to determine if the order is clearly erroneous or contrary to law.

4

Plaintiff contends that striking a pleading is a drastic remedy and is usually disfavored by the courts. (Dkt. No. [491] at ¶¶ 8-9.) The Court agrees. However, upon review, the Court finds that Magistrate Judge Walker properly concluded that Plaintiff's responses and sur-replies violated the Local Rules of the Northern District of Georgia. The court may decline to consider any motion or brief that does not conform to the requirements of the local rules. L.R. 7.1F, NDGa. The Court finds that Magistrate Judge Walker's Order [487] is not clearly erroneous or contrary to law. See FED. R. CIV. P. 72. Therefore, Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Granting Defendant's Motion to Strike [491] is **DENIED**.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Appeal Magistrate Judge Walker's Order Granting Defendant's Motion to Strike [491] is **DENIED**

**SO ORDERED** this __28th__ day of May , 2009.

*[signature]*
**RICHARD W. STORY**
United States District Judge

5