# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KHALDOUN KHATTAB,

    Plaintiff,

v.

MOREHOUSE SCHOOL OF
MEDICINE

    Defendant.

: 
:
:
:  CIVIL ACTION NO.
:  1:07-CV-196-RWS-LTW
:
:
:
:
:
:

## ORDER

This case comes before the Court on the Plaintiff's following motions: Urgent Motion to Honorable Judge Story to Issue Subpoena to Compel the Deposition Testimony of Dr. Samuel Aguayo (Dkt. No. [370]), Urgent Motion Requesting the Interference of Honorable Judge Story to Address Discovery Disputes and Interrupting Justice (Dkt. No. [373]), Motion to Honorable Judge Story to Compel Releasing Documents Approved by Morehouse BOT and is Related to Plaintiff (Dkt. No. [375]), Motion to Provide Any Written Reason(s) for Denying Plaintiff's Motion Docket 183 (Dkt. No. [376]), Motion to Schedule a Status Conference (Dkt. No. [377]), Motion Requesting Honorable

Judge Story to Intervene in Compelling Discovery (Dkt. No. [383]), Appeal to Honorable Judge Story Against Limiting Deposition Testimonies to Be Only Eight (8) (Dkt. No. [384]), Appeal to Honorable District Judge Story Against Magistrate Judge Walker Verbal Orders (Dkt. No. [386]), Amendment to Motion Requesting the Intervene of Honorable Judge Story (Dkt. No. [395]), Motion to Honorable Chief Judge Camp to Intervene and Release All This Case Hearings Recorded Tapes (Dkt. No. [396]), Motion to Honorable Judge Story to Certify, Clarify, or Reverse Honorable Judge Walker Orders Issued in 2008 (Dkt. No. [397]), Motion to Honorable Judge Story to Direct the Clerk of Court to Serve the Plaintiff (Dkt. No. [440]), Motion to Judge Story to Rule on the Pending Motions (Dkt. No. [442]), Motion to Expedite Ruling (Dkt. No. [462]), Motion to Honorable Judge Richard W. Story to Serve Plaintiff Electronically (Dkt. No. [490]). These Motions were deferred to the Court by Magistrate Judge Linda T. Walker. (See Order dated June 2, 2009.)

## Discussion

Plaintiff Khaldoun Khattab filed the instant lawsuit, *pro se*, alleging that Defendant retaliated and discriminated against him on the basis of his race, color, national origin, and disability in violation of Title VII of the Civil Rights

2

Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. §1981, and the Americans with Disabilities Act, 42 U.S.C. § 1211, et seq. ("ADA").

1. <u>Urgent Motion to Honorable Judge Story to Issue Subpoena to Compel the Deposition Testimony of Dr. Samuel Aguayo [370]</u>

Plaintiff's Motion to the Court requesting the issuance of a subpoena on Dr. Samuel Aguayo is an appeal of Judge Walker's Order denying a previous motion requesting such relief. (<u>See</u> minute entry from hearing dated September 7, 2007 denying Plaintiff's Motion to Compel [224, 232].) Accordingly, the Motion herein will be treated as an appeal from a previous order. Rule 72 of the Federal Rules of Civil Procedure provides that a district court shall review a magistrate judge's order on nondispositive matters to which objections have been filed to determine if the order is clearly erroneous or contrary to law. Plaintiff requests that he be allowed to compel the deposition testimony of Dr. Aguayo who filed a discrimination lawsuit against Morehouse School of Medicine before Judge J. Owen Forrester (1:06-CV-1095). Judge Walker previously denied Plaintiff's Motion to Transfer the Case to Honorable Judge J. Owen Forrester [44] on the basis that the cases did not present similar legal issues or parties. (<u>See</u> minute entry of hearing dated April 18, 2007 [113].)

3

Plaintiff has not provided any explanation as to his failure to subpoena Dr.

Aguayo earlier in the litigation process. Plaintiff has not presented sufficient

evidence to warrant the opening of discovery for the purpose of compelling the

deposition of Dr. Aguayo. The Court has authority to limit or prevent

discovery. See FED. R. CIV. P. 26(b)(2). Accordingly, the Court finds that

Magistrate Judge Walker's Order denying Plaintiff's motion to compel the

subpoena of Dr. Aguayo [232] is not clearly erroneous or contrary to law. See

FED. R. CIV. P. 72. Plaintiff's Urgent Motion to Honorable Judge Story to Issue

Subpoena to Compel the Deposition Testimony of Dr. Samuel Aguayo [370] is

**DENIED**.

2. <u>Urgent Motion Requesting the Interference of Honorable Judge Story to Address Discovery Disputes and Interrupting Justice [373], Motion Requesting Honorable Judge Story to Intervene in Compelling Discovery [383], Appeal to Honorable Judge Story Against Limiting Deposition Testimonies to Be Only Eight (8) [384]</u>

Plaintiff requests that the Court modify or set aside Judge Walker's

previous orders limiting discovery and allow him to serve an additional twenty-

five (25) requests for admissions and conduct ten (10) additional depositions

[373]. Furthermore, Plaintiff requests that the Court review Magistrate Judge

Walker's Protective Order regarding Plaintiff's Fourth and Fifth Set of

4

Requests for Admissions. (See hearing August 4, 2008.) A review of the record indicates that Plaintiff has had ample opportunity for discovery and that Judge Walker's Orders limiting discovery were not clearly erroneous or contrary to law. See FED. R. CIV. P. 72.  The guidelines and limitations imposed by Judge Walker with regards to discovery in the case were reasonable and well within the Court's discretion under Federal Rule of Civil Procedure 26(b)(2). Accordingly, Plaintiff's Urgent Motion Requesting the Interference of Honorable Judge Story to Address Discovery Disputes and Interrupting Justice [373], Motion Requesting Honorable Judge Story to Intervene in Compelling Discovery [383], and Appeal to Honorable Judge Story Against Limiting Deposition Testimonies to Be Only Eight (8) [384] are **DENIED.**

3. <u>Motion to Honorable Judge Story to Compel Releasing Documents Approved by Morehouse BOT and is Related to Plaintiff [375]</u>

Plaintiff requests that the Court compel the production of certain documents relating to the termination of his employment at Morehouse School of Medicine.  In response, Defendant states that no documents responsive to the request exist and all relevant non-privileged documents have been produced. (Dkt. No. [387] at 11.)  Plaintiff fails to demonstrate that Defendant is not in

5

compliance of any request for production. Accordingly, Plaintiff's Motion to Compel Releasing Documents Approved by Morehouse BOT and is Related to Plaintiff *(sic)* [375] is **DENIED**.

4. <u>Motion to Provide Any Written Reason(s) for Denying Plaintiff's Motion Docket 183 [376]</u>

Plaintiff seeks a written explanation for Judge Walker's denial of his Motion for Sanctions, Motion to Order Release of Plaintiff from Custody [183]. (See minute entry from hearing dated September 7, 2007 denying Plaintiff's Motion [232].) Judge Walker's Order was issued following a review of pleadings and an oral hearing. The Court does not deem it necessary to compel a written explanation of the decision. Accordingly, Plaintiff's Motion to Provide Any Written Reason(s) for Denying Plaintiff's Motion Docket 183 [376] is **DENIED**.

5. <u>Motion to Schedule a Status Conference [377]</u>

In a mis-styled motion, Plaintiff requests a hearing before the Court regarding his pending motions. The Court finds that it has sufficient information before it in order to make a determination on the pending motions. Accordingly, Plaintiff's Motion to Schedule a Status Conference [377] is

AO 72A
(Rev.8/82)

**DENIED**.

6. <u>Appeal to Honorable District Judge Story Against Magistrate Judge Walker Verbal Orders [386]</u>

Plaintiff seeks to appeal three Orders made by Magistrate Judge Walker at a hearing held on September 19, 2008: (1) denial of Plaintiff's Motion to Compel Defendant to provide a copy of Plaintiff's deposition (Dkt. No. [334]; (2) denial of Plaintiff's request to compel the depositions of Dr. David Satcher, Marvin Crawford, and Dr. Pemu (Dkt. Nos. [330, 333, and 342]); and (3) declining to require Defendant to provide information to Plaintiff regarding addresses and phone numbers of former employees and persons of interest.

This Court has previously held that Plaintiff may request copies of a deposition for a fee by contacting the appropriate court reporter. (See Order dated March 10, 2009.) Defendant is not under an obligation to provide Plaintiff with a copy of the deposition. Magistrate Judge Walker's Order denying Plaintiff's motion to compel Defendant to prepare and provide a copy of the transcript is affirmed.

Furthermore, the Court finds that the Magistrate's denial of the request to compel subsequent depositions and the denial of Plaintiff's request for limited

7

information from Defendant were within her discretion under Federal Rule of Civil Procedure 26(b)(2) to limit discovery. Plaintiff has been afforded ample opportunity to conduct discovery during the designated period.

Accordingly, Appeal to Honorable District Judge Story Against Magistrate Judge Walker Verbal Orders [386] is **DENIED**.

7.  Amendment to Motion Requesting the Intervene of Honorable Judge Story [395] and Motion to Honorable Judge Story to Certify, Clarify, or Reverse Honorable Judge Walker Orders Issued in 2008 [397]

Plaintiff seeks to appeal from unspecified rulings by the Magistrate Court in 2007 and 2008. Plaintiff has failed to demonstrate that any of Judge Walker's rulings in 2007 and 2008 were clearly erroneous or contrary to law. See FED. R. CIV. P. 72. As stated above, Judge Walker's Orders limiting discovery were reasonable and well within the Court's discretion under Federal Rule of Civil Procedure 26(b)(2). Therefore, Plaintiff's Amendment to Motion Requesting the Intervene of Honorable Judge Story [395] and Motion to Honorable Judge Story to Certify, Clarify, or Reverse Honorable Judge Walker Orders Issued in 2008 [397] are **DENIED**.

8.  Motion to Honorable Chief Judge Camp to Intervene and Release All This Case Hearings Recorded Tapes [396]

Plaintiff requests that Judge Jack T. Camp intervene and require the Magistrate Court to provide Plaintiff with a copy of all tapes of the hearings in the case herein. All appeals of Magistrate Walker's orders shall be directed to the undersigned. Plaintiff's Motion [396] is **DENIED**. As this Court has previously indicated, Plaintiff may request a copy of any available tapes at cost by contacting the Court Executive's office for the Northern District Court of Georgia:

> United States District Court for the Northern District of Georgia
> 2211 United States Courthouse
> 75 Spring Street, S.W.
> Atlanta, Georgia 30303
> (404) 215-1304

9. <u>Motion to Honorable Judge Story to Direct the Clerk of Court to Serve the Plaintiff [440]</u>

Plaintiff states that he has not received a copy of Judge Walker's Orders issued in September 2008. Upon a review of the record, there were no written orders issued by Judge Walker in September 2008. Accordingly, Plaintiff's Motion is **DENIED**. Plaintiff may request a copy of the minute sheet of the hearing held on September 19, 2008 at cost by contacting the Court Executive's office for the Northern District Court of Georgia at the above address.

9

10. <u>Motion to Judge Story to Rule on the Pending Motions [442] and Motion to Expedite Ruling [462]</u>

Having ruled on the pending motions, Plaintiff's Motions [442 & 462] are **DENIED AS MOOT**.

11. <u>Motion to Honorable Judge Richard W. Story to Serve Plaintiff Electronically [490]</u>

Plaintiff requests that the Office of the Clerk serve him electronically through his designated e-mail address. Plaintiff is proceeding *pro se* and is not a licensed attorney. Local rules state that "parties proceeding pro se shall not file electronically." LR App. H-III(b), NDGa. As such, Plaintiff's Motion [36], is **DENIED**. Plaintiff will continue to be notified in paper form.

## Conclusion

Based on the forgoing, Plaintiff's Motions [370][373][375][376][377][383][384][386][395][396][397][440][490] are **DENIED**. Plaintiff's Motions [442][462] are **DENIED AS MOOT**.

**SO ORDERED** this __11th__ day of June, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)