**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KHALDOUN KHATTAB, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. |
| | :   1:07-CV-196-RWS-LTW |
| MOREHOUSE SCHOOL OF | : |
| MEDICINE, | : |
| | : |
|     Defendant. | : |

## **ORDER**

This case comes before the Court on Defendant's Motion for Attorneys' Fees [522]. Upon a review of the record, the Court enters the following Order.

On July 24, 2006, Plaintiff filed the instant action alleging that Defendant discriminated against him on the basis of his race, color, national origin, and religion, by terminating him, failing to promote him, preventing him from finding a medical job with another institution and causing damage to his reputation, and harassing him, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, et seq. ("Title VII"). Throughout the litigation, the Parties have engaged in extensive discovery and

the exchange of motions. On November 14, 2008, Defendant Morehouse School of Medicine filed a Motion to Summary Judgment as to all of Plaintiff's claims (Dkt. No. [411].) On August 20, 2009, the Court adopted the Report and Recommendation of Magistrate Judge Linda T. Walker and granted Defendant's Motion for Summary Judgment in its entirety. (Dkt. No. [514].) Defendant now seeks to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k), stating that Plaintiff's suit was "frivolous, unreasonable, and without foundation." (Dkt. No. [522] at 2.) Defendant has submitted proper affidavits and exhibits totaling the expenditure of defending the suit to $423,649.02 in attorneys' fees. Plaintiff has failed to respond to Defendant's Motion for Attorneys' Fees.

Under Section 706(k) of Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorneys' fee." 42 U.S.C. §2000e-5(k). Further, attorneys' fees may be awarded in a Title VII case, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or "that the plaintiff continued to litigate after it clearly became so." See Roper v. Edwards, 815 F.2d 1474, 1478 (11th Cir. 1987) (*citing* Christiansburg Garment Co. v. EEOC, 434 U.S. 412,

2

422 (1978)). In determining the frivolity of a suit, a court may examine factors such as: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merit." See Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985).

The Court found that Plaintiff Khattab's Title VII claim lacked any direct evidence of discrimination on the basis of race, color, religion or national origin. He failed to meet his burden of establishing a prima facie case of racial discrimination in that he did not demonstrate that: (1) he belonged to a protected class; (2) he was qualified to do the job; (3) he was subjected to adverse employment action; and (4) his employer treated similarly situated employees outside his protected class more favorably or he was replaced by a person from outside his protected class. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008); Howard v. Oregon Television, Inc., 276 F.App'x 940, 942 (11th Cir. 2008); Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ. Ex rel. Univ. of South Fla., 342 F.3d 1281, 1289 (11th Cir. 2003).

Furthermore, Plaintiff engaged in an extensive and redundant motions practice, oftentimes failing to comply with direct Court orders to cease frivolous

3

AO 72A
(Rev.8/82)

filings. The lack of evidentiary support for his claim, alongside, the manner in which Plaintiff engaged in this litigation, leads the Court to find that Plaintiff's action was frivolous and unreasonable. Accordingly, Defendant is entitled to recover reasonable attorneys' fees associated with the cost of defending this lawsuit.

The Court has reviewed the accompanying affidavits and exhibits and finds that the amount of attorneys' fees sought in Defendant's motion is reasonable given the hours expended and the relevant market rate. Further, the Court has discretion to order the payment of fees associated with computer research and finds such an order appropriate here. See Pitchford Scientific Instruments Corporation v. Pepi, Inc., 440 F.Supp. 1175 (W.D.Pa.1977), aff'd mem., 582 F.2d 1275 (3d Cir.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979); Fed. R. Civ. P. 54(d). Defendant is therefore entitled to recover the cost of electronic research in the amount of $11,827.55. Defendant's Motion for Attorneys' Fees is **GRANTED**. The Court **AWARDS** to Defendant Morehouse School of Medicine attorneys' fees in the amount of $437,476.57.

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, Defendant's Motion for Attorneys' Fees [522] is **GRANTED**. The Court **AWARDS** to Defendant Morehouse School of Medicine attorneys' fees in the amount of $437,476.57.

**SO ORDERED** this  23rd  day of November, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)